# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 29, 2006

130778

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

              SC: 130778
              COA: 267861
              Genesee CC: 04-015095-FH
                    04-015096-FH
                    04-015097-FH

FORREST LEE ZUDELL,
    Defendant-Appellant.

_____/

   On order of the Court, the application for leave to appeal the February 17, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

   KELLY, J., dissents and states as follows:

   The Court should grant leave to appeal in this case. The sentence imposed on defendant was not legal. A person should not be required to serve a sentence that is legally impermissible.

   The trial court sentenced defendant to 17 to 30 months in prison. The sentencing guidelines provided a sentencing range of two to 17 months. The sentencing range requires an intermediate sanction unless the trial court articulates substantial and compelling reasons to depart upwards. MCL 769.34(4)(a). An intermediate sanction cannot include a prison sentence. MCL 769.31(b). As a consequence, defendant could not be legally sentenced to prison unless, at sentencing, the court articulated acceptable reasons for the sentence. But the court failed to do so.

   This issue was not preserved in the trial court, but defendant did not forfeit it by failing to timely assert it for the reason that the error constitutes plain error. *People v Carines*, 460 Mich 750, 763 (1999). That is, the court clearly committed an error; the error affected defendant's substantial right to have reasons given for the sentence

departure. Because no reasons were given, defendant was unable on appeal to challenge the reasons for the sentence departure. Hence, he was legally prejudiced. The error also affected defendant's right to be free from an illegal sentence.

By imposing a prison sentence, the trial court imposed a sentence specifically rejected by the Legislature. MCL 769.34(4)(a), MCL 769.31(b). This plain error requires reversal because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Carines*, 460 Mich 763. If trial courts are allowed to impose sentences not sanctioned by law, the people of this state will lose their trust in the court system. They will come to view it as arbitrary, capricious, and unworthy of respect.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2006

*Corbin R. Davis*

Clerk

s0926